## KEIFFER *against* ALTMAN.

A. purchased a lot from K. and paid the consideration money, but received no conveyance: A. sold the lot to I. to whom K. subsequently agreed to convey, whenever I. would pay a certain note in which K. was bail for him, until which time he would hold the title as security. The property was sold by the sheriff, as the property of I., and purchased by G. In an action on the case by A. against K. to compel him to convey, it was *held:* That the sale by A. to I., and the agreement by K. to convey to I. in pursuance thereof, was a recision of the original contract, and A. was not entitled to recover.

Writ of Error to *Westmoreland* County.

This was an action on the case in the Court of Common Pleas, brought by the plaintiff, *Peter Altman,* to compel the performance of a parol agreement made between him and the defendant, *Henry Keiffer,* on the 3d day of June, 1809, for the purchase of a certain lot of ground in the village of *Adamsburgh,* in said county, by the plaintiff from the defendant. The plaintiff paid the purchase-money agreeably to the contract. This action was instituted to compel the defendant to make a title to the plaintiff. *Peter Altman,* the plaintiff, sold the aforesaid lot to one *Godfriedt Imber,* who took possession. In 1812, the interest of *Imber* in said lot was sold by the sheriff of said county to *John Gilchriest,* who is now in possession. After the sale by *Altman* to *Imber,* and before the sale of the sheriff to *John Gilchriest,* it was agreed by *Altman, Keiffer* and *Imber,* that *Keiffer* should make the deed to *Imber.* On the 22d day of August, 1809, *Imber* gave his note, in which *Keiffer* was bail to the executors of *Dr. David Merchand,* deceased, for £10.1.0. Suit was brought upon this note, and *Keiffer* was obliged to pay it. It was agreed between *Keiffer* and *Imber* that *Keiffer* should keep the deed and lot as security, till the amount of the note paid for *Imber* by *Keiffer* should be refunded by *Imber.* The amount of the note was never paid to *Keiffer;* he therefore claimed to hold the title as indemnity for the money paid for *Imber,* agreeably to their contract.

(Keiffer v. Altman.)

In the court below the defendant's counsel contended that the plaintiff could not recover at all; but the court being of a different opinion, a verdict and judgment was rendered for the plaintiff.

*Kuhns* and *J. B. Alexander* for plaintiff in error.

That the terms of a parol or written contract may be altered by parol, cited 1 *Johns. Cas.* 22.  3 *Johns.* 530.  1 *Serg. & Rawle*, 316.

*W. Forward* for defendant in error.

Per Curiam.—By agreeing that the plaintiff should convey directly to *Imber*, the defendant admitted that *Imber* was the owner of the equitable interest, and exclusively entitled to call for the legal title.  The agreement, therefore, was necessarily a recision of the original contract, because, as the defendant could not convey to both, he could not have conveyed to either, without a breach of the engagement to the other, if both engagements were in force.  But further: the plaintiff could recover, if at all, only as a trustee for *Imber*, or those in his stead.  But the plaintiff, by admitting *Imber's* equitable ownership, admitted a right in him to hypothecate it, by creating a lien on the title.  How, then, could the plaintiff recover as a trustee for *Imber*, whom the court would recognize as the real party, clear of *Imber's* agreement?  Either, then, the original contract was dissolved, or it was not.  If dissolved, the plaintiff cannot recover.  If it was not, he can recover for the use of *Imber*, only by reimbursing the defendant his advances for *Imber*, on the credit of his agreement for a lien on the title.

Judgment reversed, and a *venire de novo* awarded.